IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | In Proceedings |
| ) | Under Chapter 13 |
| SHAY L. ALLEN, ) | |
| ) | BK No: 18-60420 |
| Debtors. ) | |

## Opinion

The matter is before the Court on the confirmation of the Debtor's Third Amended Plan and the Chapter 13 Trustee's objection thereto. The following facts were taken from either the parties' Joint Stipulation of Facts or from the court filings.

The Debtor filed her Chapter 13 Voluntary Petition and Plan on November 1, 2018. In her Schedule A/B, she listed that the State of Illinois owed her 2 step raises totaling $12,000.00 (Back Pay Claim) and in her Chapter 13 Plan, she stated that the Back Pay amount was "unknown". *Joint Stipulation of Facts,* ECF Doc. 46. The Trustee objected to the Chapter 13 Plan for reasons unrelated to the Back Pay claim. The Debtor then filed her First Amended Plan on January 8, 2019, which contained the same Back Pay claim language as her Original Chapter 13 Plan. The Trustee again objected to the First Amended Plan for reasons unrelated to the Back Pay claim. The Debtor then filed her Second Amended Plan on January 16, 2019 containing the same language as the prior two Plans. The Trustee recommended confirmation of the Second Amended Plan and it was confirmed on February 7, 2019.

After confirmation the Trustee sent the Debtor multiple requests about the status of the Back Pay Claim. The Debtor responded on June 24, 2019 to the first round of requests that she did not have any updates and responded on November 1, 2020 to the second round of requests that she was "not getting any". *Joint Stipulation of Facts,* ECF Doc. 46. The Trustee then

received and reviewed the Debtor's 2019 Federal and State income tax returns and discovered that the Debtor had in fact received payment for her Back Pay Claim. On November 25, 2020, the Trustee then filed a Motion to Compel requesting the Debtor to file Amended Schedules I and J and another Amended Plan if necessary.

On November 30, 2020, the Debtor filed her Amended Schedules I and J and her Third Amended Plan (erroneously designated as her Second Amended Plan). The Third Amended Plan reduced the number of monthly payments from 60 to 36 and reduced the amount of the monthly payments to 24 payments of $1,212.00 and 12 payments of $2,009.00, which reduced the amount being paid into the plan from $72,720.00 to $53,196.00. Without mentioning the Back Pay the Debtor received, the Trustee objected that the Third Amended Plan had to either be amended to provide for all disposable income effective January, 2020, or in the alternative, provide for a non-modifiable pool in the amount of $8,766.56, which represents the difference in disposable income and the monthly plan payments for the period of January, 2020 to November, 2020. *Objection to Amended Plan*, ECF Doc. 37. The Debtor filed an Objection to the Trustee's Objection on January 5, 2021 arguing that the Trustee was seeking a retroactive increase in plan payments that was impermissible under § 11 U.S.C. 1329. *Objection to Objection to Confirmation*, ECF Doc. 44.

At the January 15, 2021 confirmation hearing, the Debtor took the position that the Trustee could not seek a retroactive increase in monthly plan payments when there has been a change in disposable income. The Parties stated that they wanted to file a Joint Stipulation of Facts and the Court requested that the Parties also file briefs on this narrow issue.

The Court finds that the Debtor's position is not well taken as there is no retroactive increase in monthly plan payments being requested by the Trustee. Through the language in each

of the Debtor's Chapter 13 Plans, both the Debtor and the Trustee contemplated that when the Back Pay Claim was received some or all of it would be paid to the creditors through the Chapter 13 Plan. The Debtor received the Back Pay Claim in 2019 but failed to turn it over to the Trustee. The Debtor instead filed the Third Amended Plan lowering the total payments and decreasing the duration to which the Trustee objected. The Trustee's objection merely sets out two alternatives whereby the Debtor can go forward and pay into the Chapter 13 Plan the Back Pay Claim that was to be paid to the Trustee under the previously confirmed Second Amended Plan.

      Having found the Debtor's position on this narrow issue is not well taken, the Court will move on to the issue of whether the Third Amended Plan is confirmable. First, it still contains the same Back Pay language even though the Back Pay has been received. Second, as the Trustee points out the starting point for a modification of a confirmed plan is §1329 of the Bankruptcy Code. 11 U.S.C. § 1329. To which this court would add that § 1329 references back to §§ 1322(a), 1322(b), 1323(c) and 1325 of the Bankruptcy Code. 11 U.S.C. §§ 1322(a), 1322(b),1323(c) and 1325. Issues under these sections were not raised or addressed by the parties and this Court is not in a position to rule on confirmation without a further hearing.

      For these reasons, the Court finds that the Trustee's is not seeking a retroactive increase in monthly plan payments and that the confirmation hearing on the Debtor's Third Amended Plan and the Trustee's Objection to Confirmation is set for May 14, 2021.

See Order Entered this Date.

ENTERED: April 9, 2021

                                      /s/ William V. Altenberger
                                      UNITED STATES BANKRUPTCY JUDGE/7